UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HUA LIN,

                          Plaintiff,

        -against-                                  1:14-CV-0771 (LEK/RFT)

NEW YORK STATE DEPARTMENT
OF LABOR,

                          Defendant.

## MEMORANDUM-DECISION and ORDER

## I.    INTRODUCTION

Plaintiff Hua Lin ("Plaintiff") filed this employment action against Defendant New York State Department of Labor ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law ("HRL"), N.Y. EXEC. LAW § 290 *et seq.* Dkt. No. 1 ("Complaint"). Presently before the Court is Defendant's Motion to dismiss. Dkt. No. 7 ("Motion"). For the following reasons, the Motion is granted in part and denied in part.

## II.    BACKGROUND[1]

Plaintiff was previously employed by Defendant and was terminated on September 16, 2010. Compl. ¶ 8. As a result of her termination, Plaintiff filed a complaint against Defendant in the Northern District of New York on October 4, 2011 ("2011 Complaint"), alleging discrimination and

---

[1] Because this matter is before the Court on a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

retaliation in violation of Title VII and the HRL. Id. ¶¶ 9, 17.

While Plaintiff's 2011 Complaint was being litigated, Plaintiff "took and passed the New York State Civil Service Exam." Id. ¶ 10. Following the exam, Plaintiff was (and remains) listed on an active Civil Service List for the positions of Labor Services Representative ("LSR"), Labor Services Representative (Chinese), Labor Services Investigator ("LSI"), and Labor Services Investigator (Chinese). Id. ¶ 11. The list on which Plaintiff appears is effective from March 30, 2011, through March 30, 2015.[2] Id.

Following Plaintiff's placement on the active Civil Service List, Diane Taylor ("Taylor"), a supervisor for Defendant, "sent an email with the subject heading 'Hua Lin - Remove from LSR List?'" Id. at 13. In this email, Taylor stated that Plaintiff had "recently 'filed a discrimination complaint against her former supervisor'" and inquired into whether there were any way to justify removing Plaintiff from their LSR list. Id. In a follow-up email, Taylor wrote, "'we need to get past Hua.'" Id. Defendant subsequently hired other individuals for open LSR and LSI positions. Id. ¶¶ 14, 20. The individuals hired for these positions were listed below Plaintiff on the Civil Service List for the applicable positions.[3] Id.

On December 16, 2013, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and on May 29, 2014, she received a Right to Sue letter. Id.

---

[2] Though the filings do not explain the role of the Civil Service List, both parties seem to agree that placement on the active Civil Service List indicates that Plaintiff is eligible for the positions listed and that she should be considered by Defendant for future openings for those positions. See generally Compl.; Dkt. No. 7-1 ("Memorandum").

[3] Though it is not explicitly stated, both Plaintiff and Defendant indicate in their filings that candidates are listed on the Civil Service List in descending order of their scores on the Civil Service Exam, and that candidates should be hired based, at least in part, on those scores. See generally Compl.; Mem. at 5.

2

¶ 15. Plaintiff then filed the Complaint in June 2014, alleging retaliation under Title VII and the HRL. See generally id. Defendants filed the Motion and an accompanying Memorandum of law, seeking dismissal of both of Plaintiff's claims for failure to state a cause of action. See Mot.; Mem. Plaintiff submitted a Response in which she consented to dismissal of her retaliation claim under the HRL, but otherwise opposed the Motion. See Dkt. No. 9 ("Response") at 5. Defendants then filed a Reply. Dkt. No. 10 ("Reply").

### III.  LEGAL STANDARD

#### A. Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged

3

misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See Iqbal, 556 U.S. at 678-79.

**B. Title VII**

"'Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against any . . . employee . . . because [that employee] opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" Jones v. Onondaga Cnty. Res. Recovery Agency, No. 13-CV-01425, 2014 WL 2480170, at *6 (N.D.N.Y. June 3, 2014) (citing 42 U.S.C. § 2000e-3(a)). Title VII retaliation claims are analyzed using the burden-shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), under which the plaintiff must first present a *prima facie* case of retaliation. Summa v. Hofstra Univ., 708 F.3d 115, 125 (2d Cir. 2013) (citations and quotations omitted). Once the plaintiff establishes a *prima facie* case, "the burden of production shifts to the employer to demonstrate that a legitimate, nondiscriminatory reason existed for its action." Id. (citing Raniola v. Bratton, 243 F.3d 610, 625 (2d Cir. 2001)). "If the employer demonstrates a legitimate, non-discriminatory reason, then '[t]he burden shifts . . . back to the plaintiff to establish, through either direct or circumstantial evidence, that the employer's action was, in fact, motivated by discriminatory retaliation.'" Id. (citing Raniola, 243 F.3d at 625)).

Though a plaintiff in a discrimination case need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss, Leibowitz v. Cornell Univ., 445 F.3d 586, 591 (2d Cir. 2006) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 510 (2002)); see also E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) ("Twombly's endorsement of Swierkiewicz mandates, at a minimum, that Swierkiewicz's rejection of a heightened pleading

4

standard in discrimination cases remains valid.") (citation omitted), "a court may still consider the elements of a prima facie case to determine whether Plaintiff has given 'fair notice' of [her] claim," Jones, 2014 WL 2480170, at *6 (citing Corbett v. Napolitano, 897 F.Supp.2d 96, 111 (E.D.N.Y. 2012)).[4] To make out a *prima facie* case of retaliation under Title VII, a plaintiff must show that: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." Summa, 708 F.3d at 125 (citing Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608 (2d Cir. 2006)).

## IV. DISCUSSION

Plaintiff alleges that Defendant sought to preclude her from being hired in retaliation for Plaintiff's prior discrimination complaint. See Compl. ¶¶ 7-14, 19-21. In support, Plaintiff asserts that Taylor sent two emails intended to keep Plaintiff from being hired from the Civil Service List, id. ¶ 13, and that two people listed below Plaintiff on the Civil Service List were subsequently hired instead of Plaintiff, see id. ¶ 14. Defendant argues that Plaintiff's Complaint fails to plausibly allege a causal connection between Plaintiff's protected activity and Defendant's failure to hire Plaintiff. See Mem. at 4.[5]

Causation may be demonstrated either "'directly through evidence of retaliatory animus' or 'indirectly with circumstantial evidence.'" Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv.,

---

[4] At the motion to dismiss stage, Plaintiff need not address the subsequent steps of the McDonnell Douglas burden-shifting framework. See Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir. 2008) ("[T]he McDonnell Douglas burden-shifting framework 'is an evidentiary standard, not a pleading requirement.'") (quoting Swierkiewicz, 534 U.S. at 508)).

[5] Defendant appears not to contest the first three elements of Plaintiff's Title VII claim, arguing only that Plaintiff failed to adequately allege causation. See generally Mem.

5

No. 10 CIV. 6210, 2011 WL 5838441, at *6 (S.D.N.Y. Nov. 21, 2011) (citing Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir. 1990)); see also Litchhult v. USTRIVE2, Inc., No. 10-CV-3311, 2013 WL 3491076, at *10 (E.D.N.Y. July 10, 2013) ("A causal connection may be established '(a) indirectly by showing that the protected activity was followed closely by discriminatory treatment; (b) indirectly through other evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (c) directly through evidence of retaliatory animus.'") (quoting Martinez v. N.Y.C. Dep't of Educ., No. 04-Civ-2728, 2008 WL 2220638, at *12 (S.D.N.Y. May 27, 2008)) (citation omitted). A plaintiff may show causation indirectly by "showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence." Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010) (quotation marks omitted). However, "[t]emporal proximity is just one method of demonstrating causation, and therefore the absence of temporal proximity does not demonstrate conclusively a lack of causation." Chan v. NYU Downtown Hosp., No. 03 Civ. 3003, 2004 WL 213024, at *3 (S.D.N.Y. Feb. 3, 2004).

### A. Temporal Issues

Defendant argues that the emails described in the Complaint "are the only evidence proffered in the [C]omplaint that could conceivably . . . support a causal connection" between Plaintiff's protected activity and Defendant's failure to hire Plaintiff, but that Plaintiff has failed to show a causal connection between the emails and her failure to be hired from the LSR list. Mem. at 4. Defendant contends that, because Plaintiff failed to include in her Complaint the dates of either the emails or the hires, the "hires may have preceded the emails, which would eliminate any causal connection." Id. However, though Plaintiff does not include in her Complaint the dates of either

6

the emails or the hires, she does allege that individuals listed below her on the LSR list were hired *subsequent to* Taylor's emails. See Compl. ¶¶ 13-14. This allegation directly contradicts Defendant's claim that a causal connection can be eliminated because Taylor may have sent the emails after Defendant hired other candidates instead of Plaintiff.

To the extent that Defendant argues that the Complaint implies that Taylor's emails were sent in response to Plaintiff's December 2013 EEOC complaint,[6] rather than to a prior complaint, that claim is both confusing and without merit. Plaintiff suggests nothing of the sort in the Complaint. First, Plaintiff states that she was terminated in September 2010 and filed a complaint in the Northern District of New York in October 2011. Id. ¶¶ 8-9. Plaintiff alleges that Taylor subsequently sent the emails in question. Id. ¶ 13. Finally, Plaintiff states that she filed an EEOC charge against Defendant in December 2013. See id. ¶ 15. Nothing in the Complaint suggests that Plaintiff meant to allege that Taylor's emails referred to her December 2013 EEOC complaint. See generally id. The Court finds it clear from the order of the allegations presented in the Complaint that Plaintiff alleges that Taylor's emails were sent subsequent to Plaintiff's complaint following her termination, and prior to her December 2013 EEOC complaint.

Additionally, to the extent that Defendant intends this argument to suggest that Plaintiff can not show causation between her protected activity and the emails, that argument also fails. Taylor's first email directly states that Plaintiff had previously "filed a discrimination complaint against her former supervisor." Id. ¶ 13. Exactly which prior complaint the email references does not matter at

---

[6] Defendant argues that "[i]t is . . . implied, though never stated, that the emails were a response to the December 2016 EEOC complaint rather than the prior EEOC complaint." Mem. at 3. The Court will assume that Defendant's reference to the "December 2016 EEOC complaint" refers to Plaintiff's EEOC complaint that preceded the current action, filed on December 16, 2013. See Compl. ¶ 15.

7

the present stage. Title VII "makes it unlawful for an employer to discriminate against an employee 'because he has made a charge . . . or participated *in any manner* in an investigation, proceeding, or hearing" against her employer. Baez, 2011 WL 5838441, at *5 (citing 42 U.S.C. § 2000e–3(a)) (emphasis added). Therefore, any discrimination complaint made by Plaintiff prior to Taylor's emails would constitute a protected activity, and the emails' direct reference to protected activity is sufficient to suggest causation between Plaintiff's protected activity and Taylor's emails.

**B. Other Hires**

Defendant argues that Plaintiff cannot prove causation because she has failed to establish that the individuals listed below Plaintiff on the Civil Service List, who were ultimately hired, necessarily scored lower than Plaintiff on the Civil Service Exam. Mem. at 5. However, as noted *supra*, both parties infer in their filings that the Civil Service List lists candidates in descending order of their scores on the Civil Service Exam. Defendant asks the Court to infer either that the individuals hired had the same score as Plaintiff on the exam, or that Plaintiff and the individuals hired had the three highest scores on the exam overall, and therefore it was not discriminatory for Defendant to hire the other individuals. See id. Both of these arguments require the Court to make inferences in Defendant's favor. However, that is not the Court's role on a motion to dismiss. At this stage, the Court must draw all reasonable inferences in favor of Plaintiff. See Allaire Corp., 433 F.3d at 249-50. Because both parties suggest in their filings that candidates were listed on the Civil Service List in descending order of their scores, the Court will infer in Plaintiff's favor that the individuals listed below Plaintiff on the list scored lower than Plaintiff on the Civil Service Exam.

### C. Taylor's Emails

Defendant also argues that the content of Taylor's emails is insufficient to suggest that the emails caused Defendant not to hire Plaintiff. Mem. at 4. Defendant claims that in Taylor's first email, she "merely asks, rather than directs, whether [P]laintiff should be hired," and "sought legitimate, non-discriminatory reasons not to hire [P]laintiff" by asking "if there was any way 'to justify removing'" Plaintiff from their LSR list. Id. at 4. Additionally, Defendant claims that Taylor's statement, "'we need to get past Hua,'" suggests that Taylor wanted the email's recipients to put aside any ill feelings they might have had toward Plaintiff. Id. at 5. Defendant further claims that the Complaint fails to allege causation because it contains "no indication who Taylor sent the emails to and how that may have affected the hiring process." Id. at 4.

*1. Content of Emails*

Defendant's arguments both mischaracterize the content of Taylor's emails and misunderstand the standard of review on a motion to dismiss. Though Taylor's first email does not direct that Plaintiff not be hired, it also does not "merely ask . . . whether [she] should be hired." Id. The title of the email reads "Hua Lin - Remove from LSR list?" and the body of the email asks if there is a way to justify removing Plaintiff from the list. Compl. ¶ 13. This question just as plausibly suggests that Taylor actively sought a reason *not* to hire Plaintiff as it asks whether Defendant *should* hire her. Additionally, Defendant's explanation would require the Court to make an inference in favor of Defendant, which is inappropriate at this time. "On a motion to dismiss, the allegations in the complaint are accepted as true and all reasonable inferences must be drawn in the plaintiff's favor." Cunningham v. N.Y. State Dep't of Labor, No. 05-CV-1127, 2006 WL 2639372, at *2 (N.D.N.Y. Sept. 12, 2006) (citing Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir.

1998)) (citation omitted). Drawing all reasonable inferences in Plaintiff's favor, the Court finds that the content of the emails plausibly suggests that Taylor did not want Defendant to hire Plaintiff and sought a way to remove her from the LSR list so she would no longer be a candidate.

Defendant further argues that Taylor's first email fails to establish causation because the email asked "if there was any way 'to justify removing'" Plaintiff from the LSR list, thereby seeking "legitimate, non-discriminatory reasons not to hire" Plaintiff. Mem. at 4. However, the very fact that Taylor asked in the email for a "legitimate, non-discriminatory reason," Mem. at 4, to "justify" removing Plaintiff from the LSR list, Compl. ¶ 13, suggests that she did not have one.

Finally, Defendant asks the Court to accept that Taylor's statement in her second email, "'we need to get past Hua,'" Compl. ¶ 13, does not suggest that Taylor did not want to hire Plaintiff, but rather that Taylor wanted the email's recipients to "get past" any negative feelings they might have had based on Plaintiff's prior complaint, Mem. at 5. Once again, this argument requires the Court to draw inferences in Defendant's own favor, rather than in Plaintiff's.

### 2. Recipients of Emails

Defendant further argues that the Complaint fails to allege causation because it does not name the recipients of Taylor's emails, and therefore offers no indication of how the emails affected the hiring process. Mem. at 4. This argument misstates the pleading standard for discrimination. A plaintiff in a discrimination case need not plead a *prima facie* case of discrimination in order to survive a motion to dismiss. Port Auth. of N.Y. & N.J., 768 F.3d at 254. At this stage, Plaintiff need only "allege facts that allow the court in substance to *infer* elements of a prima facie case." Twombly, 550 U.S. at 570 (citations omitted) (emphasis added).

Drawing reasonable inferences in Plaintiff's favor, the Court may infer at this stage that Taylor would not have sent the emails to employees with no authority or ability to help with her request. Additionally, in her emails, Taylor directly references Plaintiff's protected activity, states that she wants to "get past" hiring Plaintiff, and seeks a way to "justify" not hiring Plaintiff from the Civil Service List. Compl. ¶ 13. Taken together, these facts are sufficient to allege that Taylor's emails were motivated by retaliatory animus towards Plaintiff. See Staub v. Proctor Hosp., 131 S.Ct. 1186, 1194 (2011) (finding supervisor's statement that she was "trying to 'get rid of'" plaintiff evidence of animus); King v. Interstate Brands Corp., No. 02-CV-6470, 2009 WL 1162206, at *17 (E.D.N.Y. Apr. 29, 2009) (finding that a colleague's statements to plaintiff lamenting that he could no longer say a derogatory word for fear of being sued showed evidence of retaliatory motive). This, in turn, supports a claim of causation that is plausible on its face. See Baez, 2011 WL 5838441, at *6 ("A plaintiff may establish a causal connection between protected activity and an adverse action . . . 'directly through evidence of retaliatory animus.'") (citing Sumner, 899 F.2d at 209). Therefore, Plaintiff has stated a claim sufficient to survive a motion to dismiss.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant New York State Department of Labor's Motion (Dkt. No. 7) to dismiss is **GRANTED in part** (as to Plaintiff's retaliation claim under the HRL)[7] and **DENIED in part** (as to Plaintiff's retaliation claim under Title VII); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

---

[7] As noted *supra*, Plaintiff consented to dismissal of this claim in her Response. Resp. at 5.

**IT IS SO ORDERED.**

DATED: December 11, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge